# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# JASPER DIVISION

| | |
|---|---|
| **SCREENCO SYSTEMS, LLC,**<br><br>Plaintiff,<br><br>v.<br><br>**BRETT JEAN, an individual, d/b/a JEAN FIELD SERVICES, a sole proprietorship, and JEAN FIELD SERVICES, LLC a limited liability corporation, and**<br><br>Defendants. | Case No.<br><br>**COMPLAINT FOR PATENT INFRINGEMENT**<br><br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Screenco Systems, LLC ("**Screenco**") brings this action against Defendants Brett Jean, Jean Field Services, and Jean Field Services LLC ("**Defendants**") for patent infringement, seeking an injunction, damages, and other appropriate relief to stop Defendants from violating Screenco's patent rights. Screenco states and alleges as follows:

## THE PARTIES

1.      Screenco is a limited liability corporation organized and existing under the laws of the State of Idaho, having its principal place of business at 13235 Spur Rd., Genesee, Idaho, 83832.

2.      Screenco is a market leader in the design, manufacture, and sale of systems for wastewater filtration, including portable receiving stations having a screen design for filtering and removal of trash and debris from wastewater.  Screenco owns exclusive rights in the ornamental designs claimed in United States Design Patent No. D757,889 S entitled "Septic Receiving Station With Screen" (the "**889 Patent**").

3.      On information and belief, Defendant Brett Jean is an individual residing at 2409 Old Parrish Cordova Rd., Cordova, Alabama, 35550.

4.      On information and belief, for a period of time relevant to this action, Defendant Brett Jean did business as a sole proprietorship known as Jean Field Services, having its principal place of business at 2409 Old Parrish Cordova Rd., Cordova, Alabama, 35550.

5.      On information and belief, Defendant Jean Field Services, LLC is a limited liability corporation organized and existing under the laws of the State of Alabama on or about July 6, 2021, having its principal place of business at 2409 Old Parrish Cordova Rd., Cordova, Alabama, 35550.

6. Defendants do business in Walker County, Alabama, which is located within this judicial district.

7. More specifically, Defendants perform fabrication services and have constructed a septic receiving station that was sold to the City of Cordova, Alabama, which septic receiving station is within the scope of Screenco's '889 Patent, and was constructed by Defendants without Screenco's permission.

## NATURE OF THE ACTION

8. This is a civil action for infringement of Screenco's '889 Patent (United States Design Patent No. D757,889 S) arising under the patent laws of the United States, including, without limitation, 35 U.S.C. §1, *et seq.*, and in particular 35 U.S.C. § 271 and §§ 281-289, of the United States Code.

## JURISDICTION AND VENUE

9. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

10. This Court has personal jurisdiction over Defendants because Defendants maintain their principal place of business in this District and Division, and/or because Defendants reside in this District and Division. This Court also has personal jurisdiction over Defendants because Defendants regularly solicit and conduct business in this District and Division and engage in other persistent courses of conduct in this District. This Court also has personal jurisdiction over Defendants because

Defendants derive substantial revenue from services sold to persons or entities in this District, and have committed acts of infringement in this District, including one or more of making, using, offering to sell, or selling one or more products or services that infringe one or more claims of the Screenco '889 Patent at issue in this lawsuit.

11. Venue is proper in this judicial district and division under 28 U.S.C. §§ 1391 and 1400(b) because Defendants have committed acts of infringement in this District and Division, and because Defendants have a regular and established place of business in this District and Division and/or resides in this District and Division.

## THE '889 PATENT

12. On May 31, 2016, the '889 Patent entitled "Septic Receiving Station With Screen" was duly and legally issued to inventor Scott Meyer, as president and co-owner of Screenco Systems, LLC. The '889 Patent is generally directed toward several of Screenco's receiving station products having a screen design for filtering and removal of trash and debris from wastewater. Screenco manufactures the protected receiving station products in Idaho and offers these products for sale throughout the United States.

13. A true and correct copy of the '889 patent is attached as Exhibit 1. Figure 1 of the '889 Patent is reproduced below as follows:



FIG. 1

(see Exhibit 1. '889 Patent, Figure 1).

14. By way of assignment, Screenco is the owner of all right, title, and interest in the '889 Patent, including the rights to exclude others and to sue and recover damages for infringement.

15. Screenco complied with the marking requirements of 35 U.S.C. § 287 in several ways, including by fixing the word "patented" together with the relevant patent number directly onto the receiving station products that it manufactures, and also by providing similar patent notices and patent markings on its website (at www.screencosystems.com), and other marketing materials associated with the protected receiving station products.

**FACTUAL ALLEGATIONS SHOWING INFRINGEMENT**

16. In January of 2021, Screenco was approached by Jeremy Pate, who is the Mayor of the City of Cordova, and was asked to provide cost estimates for one or more

of Screenco's receiving station products. A series of communications occurred between Screenco and Jeremy Pate resulting in Screenco providing cost estimates to the City of Cordova for two Screenco products, namely the "Maxi Screen 400" and the "Mini Screen 400" in February, 2021.

17. As all times material hereto, including in January and February of 2021, Screenco's website prominently indicated that both the Maxi Screen 400 and the Mini Screen 400 were protected by Screenco's '889 patent.

18. On February 11, 2021, Jeremy Pate notified Screenco that Alabama state law requires an open bidding process for any equipment over $15,000, and asked Screenco to provide a formal bid for providing a Maxi Screen 400 in response to Defendant's formal bid notice ("**Bid Notice**").

19. A true and correct copy of the Bid Notice published by the City of Cordova and sent to Screenco on February 11, 2021 is provided as Exhibit 2. Defendant's Bid Notice states in relevant part as follows: "The City of Cordova is accepting sealed bids for the purchase of a Portable Septic Receiving Screen System. Maxi Screen – 400 Receiving station[.]"

20. In response to the Bid Notice from the City of Cordova, Screenco resubmitted a sealed bid for the Maxi Screen 400 consistent with its earlier cost estimate provided to Jeremy Pate.

21. Despite the Bid Notice specifically calling for Screenco's patented Maxi Screen 400 product, Screenco was not chosen to provide the product to the City of Cordova. Instead, the City of Cordova purchased a septic receiving station from Defendant Brett Jean and Defendant Jean Field Services (hereinafter "**Replica System**").

22. The Replica System fabricated by Defendant Brett Jean and Defendant Jean Field Services and sold to the City of Cordova is within the scope of Screenco's '889 Patent.

23. More specifically, Defendant Brett Jean and Defendant Jean Field Services submitted a bid to the City of Cordova in response to the Bid Notice on or about February 22, 2021, that included drawings of a septic receiving station that was a substantial copy of a Screenco product.

24. The City of Cordova accepted the bid from Defendant Brett Jean and Defendant Jean Field Services on or about March 9, 2021.

25. Between March 9, 2021 and July 6, 2021, Defendant Brett Jean and Defendant Jean Field Services performed fabrication activities on the Replica System.

26. On July 6, 2021, Defendant Jean Field Services was formed as a limited liability company.

27. The City of Cordova took delivery of the Replica System from Defendants on or about July 20, 2021.

28. On information and belief, Defendants had never before fabricated a septic receiving station prior to its fabrication of the Replica System.

29. On information and belief, Defendants' bid to the City of Cordova was based on Defendants' analysis of one or more of Screenco's products shown and described on Screenco's website.

30. Screenco's website complies with the marking requirements of 35 U.S.C. § 287 in several ways, including by fixing the word "patented" together with the relevant patent number directly onto the receiving station products that it manufactures, and also by providing similar patent notices and patent markings on its website (at www.screencosystems.com), and other marketing materials associated with the protected receiving station products

31. On information and belief, Defendants were aware of Screenco's '889 Patent at the time Defendants submitted a bid to the City of Cordova.

32. On information and belief, Defendants were aware of Screenco's '889 Patent at the time Defendants fabricated the Replica System for the City of Cordova.

33.  On information and belief, Defendants were aware of Screenco's '889 Patent at the time Defendants delivered the Replica System to the City of Cordova.

34. Screenco has never provided permission to any of the Defendants to fabricate septic receiving stations under the '889 Patent.

35. Screenco obtained a series of photographs of the Replica System. True and correct copies of some of the photographs of the Replica System are provided as Exhibit 3.

36. The overall appearance of Defendants' Replica System and the septic receiving station protected by Screenco's '889 Patent are substantially the same.

37. The table below provides a side-by-side comparison of a photograph of the Replica System (Exhibit 3, p. 5) and Figure 6 of the '889 Patent:



| Screenco's '889 Patent – Figure 6 | Defendant's Replica System |
|---|---|

38. Similarly, the table below provides another side-by-side comparison of a photograph of the Replica System (Exhibit 3, p. 4) and Figure 6 of the '889 Patent.



39. Further, the table below provides another side-by-side comparison of a photograph of the Replica System (Exhibit 3, p. 1) and Figure 1 of the '889 Patent.



40. As demonstrated by the photographs (Exhibit 3), the Replica System sold by Defendants to the City of Cordova appears to an ordinary observer to be substantially similar to the receiving station design protected by Screenco's '889 Patent.

41. Moreover, the Replica System sold by Defendants to the City of Cordova is a colorable imitation of the designs protected by Screenco's '889 Patent.

42. An ordinary observer comparing the Replica System with the design protected by the '889 Patent, giving such attention as a purchaser usually gives, and in

the context of the claimed design as a whole, would conclude that the two designs are substantially the same.

## COUNT I – PATENT INFRINGEMENT OF THE '889 PATENT

43. Screenco realleges and incorporates by reference the allegations in paragraphs 1-42 above.

44. The Replica System offered for sale by Defendants appears to an ordinary observer as being substantially similar to the receiving station design protected by Screenco's '889 Patent.

45. The Replica System offered for sale by Defendants is a colorable imitation of the receiving station design protected by Screenco's '889 Patent.

46. The Replica System delivered to the City of Cordova infringes the '889 Patent under 35 U.S.C. § 271, either literally or under the doctrine of equivalents.

47. Defendants have directly infringed the '889 Patent under 35 U.S.C. § 271 by making, offering for sale, and or selling within the United States, without authorization from Screenco, one or more receiving stations (*e.g.*, the Replica System) that infringes the '889 Patent.

48. Defendants' infringement has caused Screenco to suffer damages, and as such, Screenco is entitled to damages pursuant to 35 U.S.C. §§ 284 and 289.

49. Defendants' infringement was willful, deliberate, malicious, and in bad faith, making this an exceptional case. As a result, Screenco is entitled to increased damages, costs, interest, and attorneys' fees pursuant to 35 U.S.C. §§284 and 285.

50. Defendants have caused irreparable damage and harm to Screenco by its acts of infringement, and will continue said acts of infringement unless enjoined by this Court under 35 U.S.C. § 283.

## PRAYER FOR RELIEF

**WHEREFORE**, Screenco prays for relief as follows:

1. A judgment and order that Defendants have infringed the Screenco '889 Patent under 35 U.S.C. §271 by making, using, offering to sell, and/or selling one or more infringing receiving stations;

2. A judgment and order permanently enjoining Defendants and its affiliates, officers, agents, employees, and all other persons acting in concert with Defendant, from infringing the '889 Patent;

3. A judgment and order requiring Defendants to pay Screenco damages adequate to compensate Screenco for Defendants' infringement of the '889 Patent pursuant to 35 U.S.C. § 284, and/or the total profits made by Defendants from their infringement of the '889 Patent pursuant to 35 U.S.C. § 289;

4. A judgment and order requiring Defendants to pay Screenco supplemental damages or profits for any continuing post-verdict infringement up until entry of the final judgment, with an accounting, as needed;

5. A judgment and order requiring Defendants to pay Screenco increased damages up to three times the amount found or assessed pursuant to 35 U.S.C. § 284;

6. A judgment and order requiring Defendants to pay Screenco pre-judgment and post-judgment interest on any damages or profits awarded;

7. A determination that this action is an exceptional case pursuant to 35 U.S.C. § 285;

8. An award of Screenco's attorneys' fees for bringing and prosecuting this action;

9. An award of Screenco's costs and expenses incurred in bringing and prosecuting this action; and

10. Such further and additional relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff hereby demands a trial by jury on all issues triable of right by jury in this action.

Respectfully Submitted,

 /s/ *John W. Clark IV*
JOHN W. CLARK IV
ASB-5187-O77C

BAINBRIDGE, MIMS, ROGERS
        & SMITH, LLP
The SouthState Bank Building
600 Luckie Drive, Suite 415
Birmingham, Alabama 35223
Telephone:   205.879.1100
Facsimile:    205.879.4300
Email:    jclark@bainbridgemims.com


CONSTELLATION LAW GROUP, PLLC

 /s/ *Dale C. Barr*
Dale C. Barr, WSBA No. 24,696
(*pro hac vice* admission pending)
Attorney for Plaintiff
dale@constellationlaw.com

5818 Nora St N.W.
Bremerton, WA  98311
Telephone: 206-375-6383
Office:     360-627-7147
Facsimile: 360-627-7147

## **CERTIFICATE OF SERVICE**

  I hereby certify that on September 24, 2025, I served the foregoing complaint and supporting materials via private process server upon the following:

    Brett Jean
    Jean Field Services, a sole proprietorship
    Jean Field Services, LLC
    c/o Matt Barley, Esq.
    Butler Snow LLP
    1819 Fifth Ave N., Suite 1000
    Birmingham, Alabama, 35203


            */s/ John W. Clark IV*
            of Counsel